IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-49,494-04




EX PARTE BRUCE LEE WILLIS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 89-CR-2673-A IN THE 28TH DISTRICT COURT
FROM NUECES COUNTY




           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of kidnapping and
sentenced to twenty years’ imprisonment. He did not appeal his conviction. 
            Applicant contends, among other things, that he is being denied credit for time spent released
on mandatory supervision prior to revocation on September 15, 2006. The trial court made findings
of fact and concluded that Applicant’s claim is without merit based on a sworn affidavit from
Charley Valdez, a program supervisor for the Classification and Records Department of the Texas
Department of Criminal Justice–Correctional Institutions Division. In his affidavit, Mr. Valdez stated
that Applicant was not credited with his street time because he is serving a sentence for kidnapping. 
An inmate serving a sentence for first or second degree aggravated kidnapping is not eligible to earn
street time. Tex. Gov’t Code §§ 508.283(b), 508.149(a)(4). Applicant pleaded guilty to and was
convicted of third degree kidnapping.
            Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact.
            The trial court shall order the Texas Department of Criminal Justice’s Office of the General
Counsel to file an affidavit stating whether Applicant is serving a sentence for or has previously been
convicted of an offense described by Tex. Gov’t Code § 508.149(a) at the time of Applicant’s
revocation on September 15, 2006. If Applicant is serving a sentence for or has previously been
convicted of such an offense, the affidavit shall state whether the offense is a first, second, or third
degree felony. The affidavit should also address how much time was remaining on this sentence on
the date Applicant was released on mandatory supervision, and how much time Applicant spent on
release before the issuance of the parole-revocation warrant. The affidavit should state whether
Applicant is receiving credit for any of the time spent on mandatory supervision.
             The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a hearing,
it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented
by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex. C ode Crim.
Proc. art. 26.04.
            The trial court shall make further findings as to whether Applicant is eligible to earn street
time credit, and if so, whether he is entitled to credit for his time spent on release. The trial court
shall also make findings as to whether Applicant is receiving the proper amount of credit for that
time. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
Filed: December 15, 2010
Do not publish